HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAWN RAYMOND PETREE, | No.12-CV-5548-RBL |
| Plaintiff, | ORDER |
| v. | (Dkt. #6) |
| CHASE BANK, | |
| Defendant. | |

Plaintiff has filed what appears to be yet another frivolous show-me-the-note suit in response to a residential foreclosure. These suits, remnants of the economic downturn, have become common in the federal court dockets. In this case, Plaintiff has filed a Complaint full of incomprehensible legalese. The Complaint contains no facts describing Plaintiff's grievances; the Court gleans the subject matter only from a smattering of references to mortgages, notes, and deeds of trust. (*See generally* Compl., Dkt. #1.) Plaintiff has moved for summary judgment, although he has not filed a proper proof of service, and counsel has not appeared for Defendant. (*Id.* at 9) (containing an invalid "proof of service" suggesting that Plaintiff himself mailed his Complaint to Defendant—which is, of course, improper under Fed. R. Civ. P. 4(c)(2)—and failing to specify a date). The Complaint fails as a matter of law, and the Court must dismiss it *sua sponte*.

Order - 1

# I.   JURISDICTION

As an initial matter, it is not clear that this Court has jurisdiction to hear the case. Plaintiff states that he appears "seeking a remedy in Admiralty as is provided by 'The Saving to the Suitors Clause' [sic] at USC 28 - 1333(1)." That statute provides federal jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1331(1).

Plaintiff fails to even remotely explain how any claim here ties to admiralty jurisdiction. Indeed, he fails to even specify his claims.

Apart from the spurious claim of admiralty jurisdiction, the Complaint contains passing reference to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. (Compl., at 6-7, Dkt. #1.) But the Complaint contains not a single fact relating to these statutes. As such, the Court must conclude that it lacks jurisdiction to hear this case.

# II.   DISMISSAL

Even if the Court assumes jurisdiction for the sake of argument, the Complaint fails on multiple grounds. Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

1    (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-

2    defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).  The

3    Complaint fails these standards.

4          First, the Complaint contains not a single factual allegation and must therefore be

5    dismissed.

6          Second, Plaintiff's general claim appears to be that Defendant must produce his

7    promissory note prior to foreclosing.  (*See* Compl. at 1-2) ("As you should know the law requires

8    lawfully documented proof of claim when it is demanded. . . .  I am entitled to the original

9    unaltered note so that it may not be re-presented to another alleged 'debt collector."").  Courts of

10   this district routinely reject these claims.  *See, e.g.*, *Mikhay v. Bank of Am.*, *NA.,* 2011 WL

11   167064, *2-*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D.

12   Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash.

13   2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston*

14   *v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010).  Indeed, the

15   Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of

16   the underlying note to the trustee, not the borrower.  RCW 61.24.030(7).  Plaintiff's claim thus

17   fails as a matter of law.

18                                  **III.   CONCLUSION**

19         For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Dkt. #6) is

20   **DENIED**, and the case is **DISMISSED** *sua sponte*.

21

22         Dated this 6th day of December 2012.

23

24

25                                            Ronald B. Leighton
                                             United States District Judge
26

27

28